## EDWARD B. JAMES *et al. vs.* MOSES F. JOSSELYN.

### Cumberland, 1875.—July 5, 1876.

#### *Contract. Coal.*

Under R. S., c. 41, § 13, providing for the weighing of coal by a sworn surveyor "unless the parties otherwise agree"; *held,* that proof that the purchaser had accepted the coal without objection, and upon presentation of the bill offered to give his note for it, and that he had paid for former lots weighed as this was by the plaintiff's book-keeper, does not amount to proof that the parties otherwise agreed.

ON EXCEPTIONS from the superior court.

ASSUMPSIT on account annexed for coal in the spring of 1873, in four items amounting to $35.55. The justice, after the evidence for the plaintiffs was out, ordered a nonsuit and they excepted.

*T. B. Reed,* for the plaintiffs.

*S. C. Strout & H. W. Gage,* for the defendant.

BARROWS, J.    After the plaintiffs had offered evidence tending to show the sale and delivery by them upon the defendant's orders of several little lots of stove coal as charged in the account annexed, and had rested their case, the defendant moved for a nonsuit for want of proof of a compliance with R. S., c. 41, § 13, which provides that in all sales of coal not made by the cargo the seller shall cause the coal to be weighed by a sworn weigher who shall make a certificate thereof to be delivered to the purchaser, "unless the parties otherwise agree"; and prohibits the maintenance of a suit for the price of the coal in the absence of such agreement unless the seller shall have delivered such weigher's certificate to the buyer before bringing his action.

Thereupon the court upon motion of plaintiffs' counsel allowed the case to be reopened in order to obviate the objection.

It turned out that the coal was not weighed by a sworn weigher but by the plaintiffs' book keeper, who laid certificates of the weight on the window sill of the office for the drivers of the coal carts.

The only remaining question was whether there was evidence sufficient to authorize the jury to find that the parties had "otherwise agreed"— i. e., that they had agreed to dispense with the sworn weigher and his certificate. All that the plaintiffs' counsel claim as having a tendency to show such an agreement is testimony that the defendant had bought coal more than once of these plaintiffs within the year next previous to the time when this bill accrued and had seen it weighed in the same way on their scales —had always accepted their weight; and, the fall before, on the presentation of this account had proposed to give his note for it.

But in reply to the direct question put by the court to the plaintiff, "Was there any agreement between your firm and Mr. Josselyn as to who should weigh this coal"—the plaintiff answered, "No sir; nothing whatever was said about it," and upon further questioning he declined to say that the defendant saw the coal charged in the bill weighed; and the book keeper testified that he did not know that the defendant knew he was not a sworn weigher, that he never told him he was not. Both the plaintiff and his book keeper had previously negatived the making of any agreement respecting the coal except that which arose from the delivery of the coal by them upon the defendant's orders.

The presiding judge thereupon ordered a nonsuit; and the question presented seems to be this: can the agreement of the parties referred to in § 13 be inferred from the mere fact that the purchaser has accepted the coal without objection and proposed to give his note for it, coupled with proof that he has paid for former lots weighed by the same person but without proof that he knew that such person was not a sworn weigher? Doubtless anything in the acts of the parties from which it might fairly be inferred that it was mutually understood and agreed that the purchaser would not require the coal to be weighed by a sworn weigher would be tantamount to an express arrangement to that effect.

But the proof offered here has no tendency to show that the defendant ever consented to dispense with the protection afforded by the statute, or knew that its requirements had not been fulfilled when he proposed to give his note for the account.

The report seems to have been made up in order to see if the

coal dealer can recover in cases in which the statute has been totally disregarded.

We cannot be expected to aid in thus nullifying a statute of this state.                    *Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH and VIRGIN, JJ., concurred.